GUARANTEE BOND & MORTGAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20056. Promulgated January 7, 1929.

*Roger I. Wykes, Esq.,* for the petitioner.
*R. H. Ritterbush, Esq.,* for the respondent.

1018

OPINION.

SIEFKIN: The petitioner contends that the amount of $42,500 paid to its officers and directors in 1923 in its capital stock constituted compensation to such officers and claimed it as a deductible expense in the return for the year 1923. The respondent does not dispute the value of the stock paid, but he treated it as promotion stock and restored the amount of $42,500 to income of petitioner for the year 1923.

At the hearing three of the officers of petitioner who were present at the time the stock was authorized to be paid testified that the intention was to pay the stock to the officers and directors for services rendered subsequent to organization in putting petitioner upon a sound financial basis. They testified that up to the time the resolution was adopted petitioner was not upon a sound financial basis, that Norton and Ward had done all the preliminary work of organizing the corporation, that such service was not worth more than $300 to $500, and that the placing of the petitioner on a sound financial basis was done by all the directors from 1919 to 1923, for which they received the $42,500 in stock, and that such amount is deductible under section 214 (a) (1) of the Revenue Act of 1921, which provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

However, the various transactions of the petitioner tend to indicate that this stock was intended to be issued for services rendered in organizing and incorporating the petitioner.

The evidence discloses that the petitioner placed the stock in question in escrow with the Michigan Securities Commission in 1919.

The only part of the Michigan statute regulating investment companies (Act. 46, Compiled Laws of Michigan, 1915, p. 4237, sec. 11952) which provides for placing of stock in escrow, is as follows:

SEC. 8. The said commission shall have power to demand from any investment company seeking to come under the provisions of this act any further information other than such investment company is required to furnish under the pro-

visions of this act which shall be necessary to the end that the commission may be put in possession of all facts and information necessary to qualify it to properly pass upon all questions that may come before it. It may make or have made under its direction a detailed examination of such investment company's property, business and affairs, which examination shall be at the expense of such investment company, it may cause an appraisal to be made at the expense of said investment company of the property of said investment company, including the value of patents, good will, promotion and intangible assets, and it may fix the amount of stocks, bonds and securities that shall be issued by any corporation, foreign or domestic, in payment for property, patents, good will, promotion and intangible assets at the value it shall find the same to be worth and *may require that such stocks and securities so issued for such property, patents, good will, promotion and intangible assets shall be deposited in escrow under such terms as said commission may prescribe.* And said commission may withhold its license to sell such stock, bonds, and securities if such corporation has issued stocks, bonds and securities in payment for property, patents, good will, promotion and intangible assets in excess of their value as found by said commission or if said stocks, bonds and securities are not deposited in escrow according to the terms fixed by such commission until such stocks, bonds and securities issued in payment for property, patents, good will, promotion and intangible assets in excess of the value so found by said commission have been surrendered to such corporation and cancelled by it, and until the said stock has been deposited in escrow under the terms prescribed by said commission. (Italics supplied.)

We do not believe that the officers and directors of petitioner would have deposited the stock in escrow with the Michigan Securities Commission unless their intention at the time was to issue the stock for promotion compensation. However, even if this amount were paid as compensation for services, we are unable to determine the deduction to be allowed, since petitioner has failed to show that the salaries were reasonable for the year 1923.

In *Model Dairy Co.*, 13 B. T. A. 545, we said:

We are not impressed by the petitioner's argument that the question of reasonableness is not involved in this proceeding, because it was not the ground upon which the Commissioner disallowed the additional salaries for 1922 and 1923, and because it was not pleaded in the respondent's answer to the petition herein. In our opinion, regardless of the pleadings, the law makes this question an issue here. In every instance in which we have allowed additional salaries for a given taxable year on account of services rendered in previous years, we have held that the combined regular and additional salaries for such year were no more than reasonable compensation for services rendered. *C. H. Simonds Co.*, 1 B. T. A. 105; *Van de Kamps Holland Dutch Bakers*, 2 B. T. A. 1247; *Lihue Plantation Co., Ltd.*, 2 B. T. A. 740. We have also disallowed such additional compensation where reasonableness had not been shown. *W. K. Henderson Iron Works & Supply Co.*, 6 B. T. A. 92. Upon the record here we are unable to determine that the total deductions claimed on account of salaries for the years 1922 and 1923 were reasonable compensation for the services rendered.

In the *W. K. Henderson Iron Works & Supply Co.*, 6 B. T. A. 92, we said:

Petitioner avers that if the additional salary deductions are not allowed for the year 1918, the same certainly constitutes a deductible item from income for the year 1919, when the salaries were actually paid. It may be that such additional salaries paid in 1919, when added to the regular salaries paid in 1919, constitute a reasonable compensation for personal services actually rendered in that year, but we have no evidence before us concerning the salaries paid, services performed, or the volume or character of business done during the year 1919, and we are, accordingly, without the necessary facts to determine the issue for that year.

The action of the respondent is upheld.

*Judgment will be entered for the respondent.*